### NEEFUS v. ECCLES.

(Supreme Court, Appellate Term. December 17, 1903.)

1. PARTNERSHIP—EVIDENCE—OSTENSIBLE RELATION—CONCLUSIVENESS.
  The fact that there was an ostensible partnership as to third persons, while it is evidence thereof, is not conclusive upon the actual relation, where the question arises between the parties.

2. APPEAL—CONCLUSIVENESS OF VERDICT.
  A verdict based on evidence sufficient to support it will not be disturbed on appeal.

Appeal from City Court of New York, Special Term.

Action by James L. Neefus against Alfred L. Eccles. From an order denying a motion for a new trial after verdict for plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

L. C. Whiton, for appellant.

Wm. Douglas Moore, for respondent.

BISCHOFF, J. The issue whether the plaintiff was an employé or a partner of the defendant was presented upon the conflicting testimony of the parties as to what their agreement was; the plaintiff's

version—of an employment merely—being supported by the testimony of a witness to an admission made by defendant, while the defendant's theory of a partnership was sought to be substantiated by the form in which the business was ostensibly conducted. The fact that there was an ostensible partnership as to third persons did not, of course, conclude upon the actual relation, where the question arose between the parties; and, while it was some evidence bearing upon the question, it became of no importance if the jury accepted the plaintiff's testimony as true. Aided by their observation of the witnesses, and by the corroboration afforded the plaintiff, the jury were justified in finding that he and his witness were entitled to the greater credit; and the appeal, therefore, does not present a case for our interference with the result upon the evidence.

Order affirmed, with costs and disbursements. All concur.